# Struthers *versus* Blake *et al.*
# The Same *versus* Pierce.

A demand of payment of a bill of exchange, at the place to which it is addressed, is sufficient to charge the drawer and endorsers, on due notice of its dishonour.

The duty of demand and notice does not enter into the contract of endorsement: it is but a step in the remedy.

The certificate of a foreign notary is admissible in evidence to prove the fact of protest; but it is not evidence of the demand of payment.

The Act 21st May 1857, does not affect a bill of exchange drawn, accepted, and endorsed in another state. Nor a domestic bill that had matured before its passage.

The holder of a bill of exchange is not obliged to notify all the parties to it. It is sufficient to notify the party he intends to hold liable. And each endorser has an entire day to give notice to his predecessor on the bill.

[Struthers *v.* Blake *et al.*]

An omission to notify prior endorsers, or to enclose to the party notified notices for such prior endorsers, does not discharge the endorser who actually receives notice. It is *his* duty to notify prior parties.

ERROR to the Common Pleas of *Warren county.*

These were two actions of *assumpsit,* the one by Blake, Howe & Co. against Thomas Struthers, and the other by Thomas W. Pierce against the same defendant, as endorser of two bills of exchange. The case of Pierce *v.* Struthers was previously before this court, and is reported in 3 *Casey* 249. The following is a copy of the bills on which these suits were brought, both being of the same date, amount and tenor :—

" $5000.                    New York, Feb. 23, 1854.

" Four months after date, pay to the order of Tilden & Co., five thousand dollars, value received, and charge to account of

EDWARD HAZEN.

"To JAS. T. FOSTER, Esq., 78 Beaver St., N. Y.
Accepted by J. T. FOSTER.
Endorsed    TILDEN & Co., *Attica, N. Y.*
            T. STRUTHERS, *Warren, Warren Co., Pa.*
            W. A. IRVINE, *Warren, Warren Co., Pa.*
            WM. WHITNEY & Co., *Boston.*"

These bills were drawn, accepted, and endorsed by the first three endorsers in the city of New York, the parties all being present at the same time; they were then left in the possession of Tilden & Co., and by them negotiated. The memorandum of the residence of the endorsers was placed on the bills by some person after they had been negotiated; when, and by whom, did not appear.

At the maturity of the bills, they were placed in the hands of a notary, in New York, who presented them for payment at No. 78 Beaver street, on the 26th June 1854, and on the same day, protested them for non-payment. On the morning of the following day he deposited notices of non-payment in the post office, addressed to the respective endorsers, at the places designated on the back of the bills. A notice for Hazen, the drawer, was enclosed to Tilden & Co.

It was shown that Foster, the acceptor, never had a place of business at No. 78 Beaver street, New York, which was the office of the North Carolina Copper Company, where he occasionally called; his place of residence was at Greenbush, opposite Albany, New York.

Tilden & Co. had no place of business in Attica, New York, after the spring of 1854, and neither of the firm resided there. The firm was composed of Bryan P. Tilden, who resided in Boston, and David Young, who resided in Roxbury, Massachusetts. When the bills matured, Hazen, the drawer, resided in Oberlin, Ohio,

[Struthers v. Blake et al.]

and had done so for several years. No notices for either the drawer or prior endorsers were sent to Struthers or to Irvine.

In the case of Blake v. Struthers, the plaintiffs offered in evidence a copy of the notary's protest, attached to his deposition, and proved by him. This was admitted by the court, and the defendant excepted. In Pierce's case evidence was given of a custom to notify the endorsers of a bill, when their residence was written on it, otherwise to enclose notices for them to the last endorser.

The court below (DERICKSON, J.,) in answer to numerous points presented by the plaintiffs and defendant, charged the jury: 1. That it was sufficient, in order to charge the endorsers, that payment was demanded at the place designated on the bill, No. 78 Beaver street, New York. 2. That it was immaterial when the alleged places of residence of the endorsers were placed on the bill, as the plaintiffs were not required to notify them, unless they intended to hold them responsible as endorsers. If notice was given to the defendant, and he wished to hold the prior parties liable, it was his business to give them notice. 3. That the act 21st May 1857, had no effect on these bills. 4. That the possession of the bill by Pierce, in the absence of all evidence that he was not a bonâ fide holder, was sufficient title to enable him to recover.

To this instruction the defendant excepted; and verdicts having been rendered for the plaintiffs, and judgment entered thereon, he removed the cases to this court, and here assigned for error: 1. The admission of the evidence excepted to. 2. The charge of the court below, in answer to the points presented.

*Church* and *Brown*, for the plaintiff in error, cited Fitzwater v. Stout, 4 *Harris* 24; Stewart v. Eden, 2 *Caines* 127; Duncan v. McCullough, 4 *S. & R.* 480; Lowery v. Scott, 24 *Wend.* 358; Anderson v. Drake, 14 *Johns.* 114; Galpin v. Hard, 3 *McCord* 394; 2 *H. Bl.* 509; 14 *East* 506; 16 *East* 110; 21 *Eng. C. L.* 11, 227; Lightner v. Will, 2 *W. & S.* 140; Fisher v. Evans, 5 *Binn.* 541; Evan v. Russell, 4 *M. & S.* 605; Stuckert v. Anderson, 3 *Wh.* 116; 5 *Barr* 178; 18 *Johns.* 230, 327; McDowell v. Cook, 6 *Sm. & Marsh.* 420; *Bayley on Bills* 318; *Byles* 210–11; *Chitty on Bills* 393–4; Hazlehurst v. Kean, 4 *Yeates* 20; Watt v. Riddle, 8 *Watts* 546–7; Hardy v. Woodroffe, 3 *Eng. C. L.* 363; Bower v. Howe, 1 *Eng. C. L.* 8; Bank of United States v. Smith, 11 *Wheat.* 171; Etting v. Bank, 2 *Barr* 355; Coleman v. Smith, 2 *Casey* 255; Bennett v. Young, 6 *Harris* 261; Sennett v. Johnson, 9 *Barr* 337.

*Wetmore*, for Blake, Howe & Co., and *Curtis*, for Pierce.— The case of Pierce v. Struthers, 3 *Casey* 249, was in all respects

[Struthers *v.* Blake *et al.*]

like the present, and rules the point here made as to the present-
ment of the bills.

The Act of 1857 could not affect these bills: *Story's Conflict
of Laws,* § 353 a; Planters' Bank *v.* Sharp, 6 *How.* 324, 327, 330.

The opinion of the court was delivered by

PORTER, J.—The main question is ruled by the principles
announced in Pierce *v.* Struthers, 3 *Casey* 249. The sharpest
criticism in argument, and the closest examination by the court,
have failed to elicit any real distinction. For reasons sufficiently
stated in that case, the place for demanding payment of a bill of
exchange is that to which it is addressed. In the evidence spread
before us, no such knowledge is proved of a difference between
the written and the true place of business, as to have justified an
instruction from the court that the present parties were bound to
go elsewhere. In holding that the place designated in connection
with the drawer's name formed a part of the contract, there was
some departure from severe logical accuracy. The duty of demand
and notice is not a part of the contract of endorsement, but a
step in the remedy: Barclay *v.* Weaver, 7 *H.* 396; for otherwise
notice could not be waived without a new contract for a sufficient
consideration, and a new promise without consideration, even with
full knowledge of the facts, would be invalid. If the whole duty
of demand and notice do not enter into the contract, much less
does the designation of the acceptor's address, for that is only a
means of effecting performance of the duty. But the remark of
the judge was a mere step in his reasoning, or, at most, an infer-
ence. It did not affect the result. The pith of the charge was
the necessity of making demand at the place designated. This
would have been good without another word. He was right, there-
fore, in his conclusion, if not in the process of reaching it, and a
wrong reason cannot upset a just result.

In the other points he was clearly right. The notarial certifi-
cate of protest was admissible, not as evidence of demand, for this
is a quality peculiar to the certificates of our own notaries, but as
evidence of the fact of protest. The remainder of the proof was
furnished by the deposition of the notary, and surely his own
written paper signed on the spot, with all the sanctions of his
official power, was a proper adjunct to the deposition, for nothing
is more reliable than such a contemporaneous memorandum of an
important act. In each case the plaintiff's title was complete.
He held up the bill in his own hand, and in the absence of coun-
tervailing evidence, better title can no man show.

The rights of the parties were not affected by the Act of 21st
May 1857, for that act from the hour of its approval, laboured
under two objections, either of them fatal. The contract was
made in New York, for the bill was there drawn, accepted, and

[Struthers *v.* Blake *et al.*]

endorsed, and the transaction could not be affected by a law of Pennsylvania. If it had occurred here, the Act would have been unavailing, for to introduce this new requirement respecting the place of demand after the bill had matured, and the rights of the parties had been fixed, would have been not to impair, but to destroy the obligation of the contract, and this cannot be done by any power short of that which formed the Federal Constitution.

The unauthorized notation on the back of the bill, of the supposed residences of the parties, is immaterial, for, from the evidence which went to the jury, there is no telling when it was done; and to all that passed on the motion for a new trial, including the opinion of the court, our eyes are shut. Whether the holder knew the residences of the parties or not, he was not obliged to notify all. It was sufficient to notify that one against whom he intended to go, and each endorser was entitled to an entire day for handing the notice to his predecessor on the list. It is common in our commercial cities, and especially in the business of banks, to supply the last endorser with notices to those who stand before him, and thus to intimate the necessity of sending them further. The practice is convenient, but it would be intolerable to hold that its omission, in any instance, will dispense an endorser from the necessity of notifying those above him, or in any way affect his own liability. These are interesting points of commercial law. We touch them because they are such. The court below handled them skilfully. No force can be added to what was there said.

Judgments affirmed.